
# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re CYNTHIA LEE KAUANUI,<br><br>　　　　Debtor. | Case No. 14-00077<br>Chapter 7 |
| LINDSAY STEWART,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CYNTHIA LEE KAUANUI,<br><br>　　　　Defendant. | Adv. Pro. No. 14-90018<br><br><br><br><br><br>Re Dkt. No. 21 |

### MEMORANDUM OF DECISION ON
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I.     **BACKGROUND**

Before the defendant, Cynthia Kauanui, filed bankruptcy on January 24, 2014, she was embroiled in a California state court lawsuit with Ms. Stewart, the plaintiff in this case. In the California action, Ms. Stewart claimed that Ms. Kauanui committed the torts of defamation and intentional interference with prospective economic

advantage (IIPEA). The California court granted Ms. Stewart a default judgment on December 6, 2013. But the judgment did not specify a basis for the court's decision, nor did it state any factual findings.

In this adversary proceeding, Ms. Stewart contends that her California state court judgment is based on a willful and malicious injury and therefore is excepted from discharge.[1] Ms. Stewart filed her motion for summary judgment on November 11, 2014, and the court held a hearing on the motion on December 16, 2014. She claimed that Ms. Kauanui was precluded from relitigating the defamation and IIPEA claims. Because of the default judgment, she argued that she was entitled to judgment as a matter of law on her nondischargability claim.

Because the California judgment did not state which claim it decided and because the court did not make findings of fact, I was unable to determine if Ms. Stewart's judgment was excepted from discharge. As a result, I gave the parties until January 5, 2015 to locate any written or oral findings and conclusions of the California court.

On January 5, 2015, Ms. Stewart filed a supplement to her motion for summary judgment.[2] She did not, however, provide me with findings of fact or the basis on which she won her state court case. Instead, her supplement contains a

---

[1] Dkt. 1; 11 U.S.C. § 523(a)(6).

[2] Dkt. 35.

U.S. Bankruptcy Court - Hawaii #14-90018 Dkt # 39 Filed 01/23/15 Page 2 of 15

minute order, in which the California court sustained in part and overruled in part Ms. Kauanui's demurrers (in federal parlance, motions to dismiss).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial.[4] In making this determination, the court views the evidence in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in favor of the nonmoving party.[5]

## III. DISCUSSION

To except a debt from discharge under section 523(a)(6), the plaintiff must prove that the debtor willfully and maliciously injured the plaintiff. Often, a pre-petition judgment can satisfy that requirement if issue preclusion applies and there is a basis to conclude that relevant issues were litigated and actually decided.

---

[3] Fed. R. Civ. P. 56(a), Fed. R. Bankr.P. 7056; *see also Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008).

[4] *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.1997).

[5] *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009).

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed  01/23/15   Page 3 of 15

## A. Issue Preclusion in Dischargeability Proceedings.

Under the full faith and credit statute, federal courts must give state court judgments the same preclusive effect that a state court would.[6] To determine the preclusive effect of a state court judgment, federal courts apply the preclusion law of the state in which the judgment was entered.[7] Therefore, California law on issue preclusion applies.[8]

## B. The California Law of Issue Preclusion.

In California, issue preclusion prevents parties from relitigating issues already decided in prior proceedings.[9] The party asserting issue preclusion must prove five elements. First, the issues to be precluded must be identical to the ones decided in the prior proceeding. Second, the issues must have been actually litigated in the prior proceeding. Third, the issues must have been necessarily decided. Fourth, the decision must have been final and on the merits. Finally, the party to be precluded must be identical to or in privity with a party to the prior proceeding.[10]

---

[6] 28 U.S.C. § 1738; *Gayden v. Nourbaksh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

[7] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *DiRuzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

[8] This makes little difference, since both states have virtually the same rule. *Compare Roxas v. Marcos*, 969 P.2d 1209, 1237 (Haw. 1998), *and Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990).

[9] *Lucido*, 795 P.2d at 1225.

[10] *Id.*

U.S. Bankruptcy Court - Hawaii #14-90018 Dkt # 39 Filed 01/23/15 Page 4 of 15

The doctrine of issue preclusion is not mechanically applied. Instead, the court must apply it when it advances three policies: "'(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation.'"[11]

### C. The Preclusive Effect of Ms. Stewart's Judgment.

#### 1. Are the Issues Identical?

The first prong of the issue preclusion test requires comparison of the issues presented in this case with the issues presented in the prior case that resulted in the judgment.

##### a. *The Elements of Section 523(a)(6)*.

In this case, Ms. Stewart must prove that the judgment debt was "for willful and malicious injury" to Ms. Stewart or her property.[12]

An injury is "willful" if the (1) "the debtor had a subjective motive to inflict the injury" or (2) "the debtor believed that injury was substantially certain to occur as a result of his conduct."[13] The touchstone of this standard is that the debtor must have

---

[11] *Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of America*, 133 Cal. App. 4th 1319, 1333 (Cal. Ct. App. 2005) (quoting *Wright v. Ripley*, 65 Cal.App.4th 1189, 1193 (Cal. Ct. App. 1998).

[12] 11 U.S.C. § 523(a)(6).

[13] *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001).

5

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed 01/23/15   Page 5 of 15

intended to injury the creditor. It is not enough to prove that the debtor acted intentionally and caused an injury.[14]

To prove that the debtor acted maliciously, the creditor must show four elements: "'(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'"[15]

### b. The Elements of Defamation in California.

Defamation is an intentional tort.[16] To win, the plaintiff must prove that there was "' (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."[17] None of these elements involves an intent to injure the plaintiff. Neither is there a requirement that an injury be substantially certain. Instead, the plaintiff need only prove that the defendant published something that was false, defamatory, and unprivileged and that the publication had a natural tendency to injure or caused special damage.

In other words, Ms. Stewart could recover for defamation under California law if Ms. Kauanui acted intentionally and harm followed. Ms. Stewart was not required

---

[14] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

[15] *Jercich*, 238 F.3d at 1209 (quoting *In re Bammer*, 131 F.3d 788, 791 (9th Cir.1997) (en banc)).

[16] 5 B. E. Witkin, Summary of California Law, Torts § 529, at 782 (10th ed. 2005).

[17] *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007); *see also Smith v. Malonado*, 72 Cal. App. 4th 637, 645 (1999) (The elements of defamation include "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage.").

6

to prove that Ms. Kauanui intended to injure Ms. Stewart.

A claim for defamation could support a determination of nondischargeability,[18] but only if the plaintiff proved willful and malicious conduct. A California judgment for defamation, without additional specific findings, does not establish that the defendant acted willfully and maliciously under section 523(a)(6).

        *c.      The Elements of Intentional Interference with Prospective Economic Advantage (IIPEA) in California.*

The elements of an IIPEA claim are:

(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

(2) the defendant's knowledge of the relationship;

(3) intentional acts on the part of the defendant designed to disrupt the relationship;

(4) actual disruption of the relationship; and

(5) economic harm to the plaintiff proximately caused by the acts of the defendant.[19]

Just as with the defamation claim, an IIPEA claim cannot support a 523(a)(6) claim without specific factual findings. Like the defamation claim, there must be an intentional act. But an IIPEA claim does not require an intent to injure the plaintiff.

---

[18] *See, e.g.*, *Jett v. Sircoff (In re Sicroff)*, 401 F.3d 1101, 1107 (9th Cir. 2005).

[19] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003) (quoting *Westside Center Associates v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507, 521-522 (Cal. Ct. App. 1996).

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed 01/23/15   Page 7 of 15

The plaintiff need only show that the defendant intended to interrupt an economic relationship with a third party and that harm was the proximate result. Also like the defamation claim, it is possible that a debtor could have committed IIPEA without intending to injure the plaintiff.

For the same reasons that I cannot conclude that a default judgment for defamation without specific factual findings supports a section 523(a)(6) claim, I cannot conclude that an IIPEA claim alone supports one.

        *d.*      *Exemplary Damages Under California Law*.

Ms. Stewart argues that the California court's award of exemplary damages proves that the debtor acted willfully and maliciously. I disagree.

Under California law, a court may award exemplary damages if the defendant is guilty of "oppression, fraud, or malice."[20] Since the statute uses the disjunctive, the California court could have based its award on a finding that Ms. Kauanui engaged in oppression (the only basis that does not expressly require intentional conduct). Oppression is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."[21]

A finding of oppressive conduct does not necessarily mean that a debtor acted

---

[20] Cal. Civ. Code § 3294(a).

[21] *Id.* § 3294(c)(2).

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed   01/23/15   Page 8 of 15

willfully and maliciously. "Oppression" does not require that the defendant intentionally harmed someone or that the act was done without just cause or excuse. A person can act despicably, yet not intend to harm another person. "Conscious disregard" is comparable to recklessness, and does not require the actual intent to inflict harm.

At least one case from the Ninth Circuit suggests that a finding of oppressive conduct can establish that the debtor acted maliciously. In *Jercich*,[22] the bankruptcy court granted a debtor summary judgment in a section 523(a)(6) action. The debtor sought to discharge a debt he incurred when he lost a lawsuit in California. The state court found that the debtor employed the plaintiff, but willfully failed to pay the plaintiff's salary and commissions even though the debtor was able to pay the plaintiff. Instead, the debtor spent the money on his own personal investments and a horse ranch. Further, the debtor did not point to any "just cause or excuse" for choosing to not pay the plaintiff. At the end of the opinion, the court stated that

> [The debtor's] deliberate and willful failure to pay was found by the state trial court to constitute substantial oppression under California Civil Code § 3294, which by definition is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." We hold that these state court findings are sufficient to show that the injury inflicted by Jercich was malicious under § 523(a)(6).[23]

---

[22] 238 F.3d 1202 (9th Cir. 2001).

[23] *Jercich*, 238 F.3d at 1209.

U.S. Bankruptcy Court - Hawaii  #14-90018  Dkt # 39  Filed 01/23/15  Page 9 of 15

This case is distinguishable. The main difference is that, in *Jercich*, the state court made specific findings from which it was possible to infer willful and malicious conduct. In this case, there are no state court findings in the record. Therefore, it is impossible for me to conclude that Ms. Kauanui's oppressive conduct was willful *and* malicious.

Statutory interpretation bolsters my decision. Courts must determine the legislature's intent,[24] based primarily on the words of the statute. The "[w]ords must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible. Interpretations that lead to absurd results or render words surplusage are to be avoided."[25]

Applying this standard to the text of the exemplary damages statute, I conclude that "conscious disregard" does not necessarily require an intent to injure. The exemplary damages statute provides three bases to award exemplary damages: malice, oppression, and fraud.[26] Malice is either "conduct which is intended by the defendant to cause injury" or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Because the statute

---

[24] *Tuolumne Jobs & Small Business Alliance v. Superior Court*, 330 P.3d 912, 916-17 (Cal. 2014).

[25] *Id.* at 917 (quotation marks and citations omitted).

[26] Cal. Civ. Code § 3294(a).

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed  01/23/15   Page 10 of 15

distinguishes between a defendant's "conscious disregard" for the plaintiff's rights and a defendant's intent to injure the plaintiff, the term "conscious disregard" is not the same as an intent to injure. Therefore, "conscious disregard" under the California statute is not synonymous with willfulness or malice under section 523(a)(6).

In sum, the state court judgment does not preclude Ms. Kauanui from relitigating the issues of whether her conduct was "willful" and "malicious" under section 523(a)(6). The state court judgment does, however, preclude relitigation of some of the issues in this case, as I will explain below.

### 2. Were the Issues Actually Litigated?

An issue is "actually litigated" when the issue was raised, actually submitted for determination, and determined.[27] Ms. Kauanui participated in the litigation, and Ms. Stewart made a prima facie case which was sufficient to obtain a judgment. California recognizes that issue preclusion applies even to default judgments.[28] Therefore, the second requirement of issue preclusion is satisfied.

### 3. Were the Issues Necessarily Decided?

An issue was "necessarily decided" if the issue was not "entirely unnecessary"

---

[27] *Baker v. Hull*, 191 Cal. App. 3d 221, 226 (Cal. Ct. App. 1987).

[28] *See, e.g.*, *Ponce v. Tractor Supply Co.*, 29 Cal. App. 3d 500, 505-06 (Cal. Ct. App. 1972).

11

to the judgment in the prior proceeding.[29] Because the state court entered judgment in favor of Ms. Stewart, the state court must have found in favor of Ms. Stewart on one or both of her theories. Unfortunately for Ms. Stewart, I do not know on which basis the court decided her action.

All that I can discern from the record is that Ms. Stewart claimed that Ms. Kauanui defamed her and intentionally interfered with her prospective economic advantage, and that the California court entered judgment in Ms. Stewart's favor. But there is no way to determine whether the California court entered the judgment based on defamation, IIPEA, or both.

Therefore, the only issues on which the judgment has preclusive effect are any issues that are common to both the defamation and the IIPEA claims. As the table below demonstrates, there are a few such common issues: Ms. Kauanui acted intentionally; and her acts caused Ms Stewart to suffer damages in the amount specified in the judgment. Ms. Kauanui may not relitigate these issues.

---

[29] *Lucido*, 795 P.2d at 1226.

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed  01/23/15   Page 12 of 15

| Defamation[30] | IIPEA[31] |
|---|---|
| Intentional publication of fact | Intentional acts by the defendant to disrupt an economic relationship; |
| that is false, | the existence of an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; |
| defamatory, and | defendant's knowledge of the relationship; |
| unprivileged, | actual disruption of the relationship; and |
| and that has a natural tendency to injure or that causes special damage. | economic harm to the plaintiff proximately caused by the acts of the defendant. |

## 4. Is the Judgment Final?

A judgment is the final determination of the rights of the parties in an action.[32] In California, a judgment is "final" when it terminates the litigation between the parties on the merits and leaves nothing else to do except enforce the judgment.[33]

The parties do not dispute that Ms. Stewart obtained a judgment in California state court on her defamation and IIPEA claims. Neither party has submitted

---

[30] *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007); *see also Smith v. Malonado*, 72 Cal. App. 4th 637, 645 (Cal. Ct. App. 1999).

[31] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003).

[32] Cal. Code Civ. P. § 577.

[33] *Sullivan v. Delta Air Lines, Inc.*, 935 P.2d 781, 791 (Cal. 1997).

13

evidence that the California court has vacated Ms. Stewart's judgment. Finally, there is no reason for me to believe that the California judgment did not terminate the litigation.

Ms. Kauanui argued that the judgment was not final because her bankruptcy tolled the time within which she could appeal from the judgment. The premise is correct but the conclusion does not follow.

Under California law, "a judgment is not final and conclusive between the parties when it is on appeal, or for as long as it remains subject to appeal . . . ."[34] In other words, a California judgment lacks preclusive effect until the expiration of the time for taking an appeal or, if an appeal is taken, until the completion of the appellate process.

The filing of Ms. Kauanui's bankruptcy case tolled the appeal period. The bankruptcy petition creates a broad stay of litigation against the debtor.[35] This stay halts proceedings at the trial and appellate levels against the debtor.[36] Thus, the period to appeal the California judgment was tolled.

But the automatic stay ended when Ms. Kauanui's case was closed on April 22,

---

[34] *Manco Contracting Co. v. Bezdikian*, 195 P.3d 604, 611 (2008).

[35] 11 U.S.C. § 362(a)(1); *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 61 (6th Cir. 1983) ("[T]he filing of [the] petition for reorganization served to automatically stay the 'continuation' of all 'judicial' 'proceeding[s]' 'against the debtor'. It is beyond peradventure that the instant appeals are continuations of judicial proceedings.").

[36] *Id.*

14

2014.[37] Once the stay terminated, then section 108(c) provided an additional 30 days to file the appeal.[38] At that point, the appeal period began to run again.

Because the appeal period has expired, the California judgment is final and the fourth requirement for issue preclusion is met.

### 5. Were the Parties Identical?

Yes.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion is GRANTED in part–the California judgment precludes Ms. Kauanui from relitigating the decision that she acted intentionally and that her actions caused Ms. Stewart to suffer damages in the amount specified in the judgment–and is DENIED in all other respects.

**END OF MEMORANDUM**

---

[37] 11 U.S.C. § 362(c)(2).

[38] 11 U.S.C. § 108(c); 2-108 Collier on Bankruptcy, ¶ 108.03[3] (16th ed. 2014).

15

U.S. Bankruptcy Court - Hawaii   #14-90018   Dkt # 39   Filed   01/23/15   Page 15 of 15